```
                IN THE UNITED STATES DISTRICT COURT
                 FOR THE SOUTHERN DISTRICT OF TEXAS
                          HOUSTON DIVISION

MARGARET SHERROD,                  §
                                   §
                                   §
                                   §
     Plaintiff,                    §
                                   §
v.                                 §    CIVIL ACTION NO. H-10-1858
                                   §
PRAIRIE VIEW A&M UNIVERSITY,       §
DR. DANNY KELLEY, Individually     §
and in his capacity as Dean        §
of the College of Arts and         §
Sciences at Prairie View           §
A & M University, and              §
DR. VICTOR HEBERT, Individually    §
and in his capacity as Head        §
of the Department of Music         §
and Theater at Prairie View        §
A & M University,                  §
                                   §
     Defendants.                   §
```

MEMORANDUM AND ORDER

Pending is Defendant Prairie View A & M University's Motion to Dismiss (Document No. 41) and Motion for Partial Summary Judgment (Document No. 42). After having reviewed the motions, responses, and the applicable law, the Court finds that Defendant's Motion for Partial Summary Judgment should be granted.

The background facts may be found in the Memorandum and Order dated March 8, 2011, in which the Court dismissed all of Plaintiff Margaret Sherrod's ("Sherrod") claims against Defendants Danny Kelley and Victor Hebert and the 42 U.S.C. § 1983, Chapter 21 of the Texas Labor Code (Texas Commission on Human Rights Act, or

"TCHRA"), and hostile work environment claims alleged against Prairie View.[1] The Court also conditionally dismissed Sherrod's Equal Pay Act and Title VII pay discrimination and retaliation claims against Prairie View, with leave to amend her complaint to restate those claims.[2] Sherrod has since amended her complaint twice and relies now on her Third Amended Complaint. Prairie View moves for summary judgment on Sherrod's Equal Pay Act and Title VII wage discrimination claims.

## II. Summary Judgment Standard

Rule 56(a) provides that summary judgment should be rendered "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The moving party must "demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 106 S. Ct. 2548, 2553 (1986).

Once the movant carries this burden, the burden shifts to the nonmovant to show that summary judgment should not be granted. Morris v. Covan World Wide Moving, Inc., 144 F.3d 377, 380 (5th Cir. 1998). A party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials in a pleading, and unsubstantiated assertions that a fact issue exists

---

[1] See Document No. 26.

[2] Id. at 30-32.

will not suffice.  Id.  "[T]he nonmoving party must set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case."  Id.  "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record . . .; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support that fact."  FED. R. CIV. P. 56(c)(1).  "The court need consider only the cited materials, but it may consider other materials in the record."  Id. 56(c)(3).

In considering a motion for summary judgment, the district court must view the evidence "through the prism of the substantive evidentiary burden."  Anderson v. Liberty Lobby, Inc., 106 S. Ct. 2505, 2513 (1986). All justifiable inferences to be drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 106 S. Ct. 1348, 1356 (1986).  "If the record, viewed in this light, could not lead a rational trier of fact to find" for the nonmovant, then summary judgment is proper. Kelley v. Price-Macemon, Inc., 992 F.2d 1408, 1413 (5th Cir. 1993).  On the other hand, if "the factfinder could reasonably find in [the nonmovant's] favor, then summary judgment is improper."  Id.  Even if the standards of Rule 56 are met, a court has discretion to deny a

3

motion for summary judgment if it believes that "the better course would be to proceed to a full trial." Anderson, 106 S. Ct. at 2513.

## III. Discussion

A. Equal Pay Act

The Equal Pay Act ("EPA") prohibits an employer from discriminating against its employees on the basis of sex by paying wages to employees of one sex "in such establishment at a rate less than the rate at which [the employer] pays wages to employees of the opposite sex" for equal work on jobs that require "equal skill, effort, and responsibility, and which are performed under similar working conditions . . . ." 29 U.S.C. § 206(d)(1). To establish a prima facie case under the EPA, Plaintiff must produce evidence to show that: (1) her employer is subject to the EPA; (2) she performed work in a position requiring equal skill, effort, and responsibility under similar working conditions; and (3) she was paid less than the employee of the opposite sex providing the basis of comparison. Chance v. Rice Univ., 984 F.2d 151, 153 (5th Cir. 1993); Jones v. Flagship Int'l, 793 F.2d 714, 722-23 (5th Cir. 1986).

Once a plaintiff has established a prima facie case, the burden shifts to the employer to "prove by a preponderance of the

evidence that the wage differential is justified under one of the four affirmative defenses set forth in the Equal Pay Act: (1) a seniority system; (2) a merit system; (3) a system which measures earnings by quantity or quality of production; or (4) any other factor than sex." Siler-Khodr v. Univ. of Tex. Health Science Ctr. San Antonio, 261 F.3d 542, 546 (5th Cir. 2001).[3]

Sherrod claims that George Edwards (deceased), William F. McQueen, III, Larry Jones, Mark Gordon, Mark Phillips,[4] and Jim Price were all paid more than she for similar work. The summary judgment evidence shows that Sherrod holds a part-time staff position with Prairie View, not a faculty position, and the minimum educational requirements for her job are a high school diploma or GED.[5] Her job description requires that she perform physical dance routines; serve as Director of the "Black Foxes" majorettes; interview applicants for the dance team; demonstrate and teach dance routines; engage in occasional or frequent moderate physical

---

[3] Title VII incorporates the four EPA affirmative defenses. See Flagship Int'l, 793 F.2d at 723 n.8; see also E.E.O.C. v. J.H. Walker, Inc., No. H-05-2232, 2007 WL 172626, at *14 (S.D. Tex. Jan. 18, 2007) ("[G]enerally 'a Title VII claim of wage discrimination parallels that of an EPA violation.'" (quoting Kovacevich v. Kent State Univ., 224 F.3d 806, 826 (6th Cir. 2000))).

[4] Although Sherrod listed Mark Phillips in response to Prairie View's interrogatories, see Document No. 42, ex. 1 ¶ 13, she provides no evidence regarding Mr. Phillips's position or his pay other than to identify him as Dr. Edwards's former assistant director. This is insufficient as a matter of law to establish Mr. Phillips as a proper comparator.

[5] See Document No. 43, ex. 3 at 1 (Sherrod's job description).

activity; communicate with band director, students, and parents; and interview applicants to make sure they meet the qualifications to be a majorette.[6]  Under "Work Complexity," her tasks are characterized as "highly interrelated and simple.  Work consists of fairly standard procedures and tasks."[7]

In contrast, the general job description for full-time University faculty members, such as proposed comparators Edwards, McQueen, and Jones, states:

> Faculty are generally responsible for teaching, research, and service . . . .  It is expected that all full and part-time faculty will participate in University, State, or Federal mandatory training and professional development . . . .  Faculty are expected to become engaged with students by attending some student events and by attending commencement, honors convocation, and general University assemblies.  By March 15, 2012, you are to submit a Faculty Performance Report on 2011-2012 achievements completed and/or work in progress.[8]

Although Sherrod broadly claims that her position involves teaching (and her job description does require that she "demonstrate and

---

[6] Id., ex. 3 at 2-5.  Sherrod testified that her job responsibilities also include, *inter alia*: (1) conducting three auditions for majorettes a year, which involves selecting and inviting judges, organizing the logistics for the auditions and providing lunch for the judges; (2) designing costumes and consulting vendors; (3) choreographing and selecting music for performances; and (4) traveling with the team to out-of-town football games.  *See* Document No. 44, ex. 2 at 1-4 (Sherrod Aff.).

[7] Document No. 43, ex. 3 at 5.

[8] Document No. 42, exs. 9 (McQueen appointment letter) & 12 (Jones appointment letter).  Document No. 42, ex. 8, Edwards's appointment letter dated September 1, 2008, is identical with the exception of the dates therein.

6

teach dance routines"), she never claims, nor does her job description require, that she is expected be involved in research and faculty service.  Nor does Sherrod claim or produce evidence that she must submit to Prairie View an annual Faculty Performance Report listing achievements completed and/or work in progress.  In sum, the summary judgment evidence conclusively establishes that Sherrod's part-time staff position does not require equal education, skills, and efforts, and does not carry with it equal responsibilities to those required of faculty members McQueen, Jones, and Edwards, or of others holding full-time appointments on the University faculty.  In other words, Sherrod does not hold a comparable position to any of them within the meaning of the EPA.[9]

Price is listed not as full-time faculty but as instructor, and is paid $33,644.00 for 77% effort teaching "Health and Human Performance," plus $10,116.00 for 23% effort in coaching the cheerleading squad.[10]  Sherrod does not provide a job description for Price's duties as cheerleading coach, and therefore has no

---

[9] Sherrod baldly asserts, without any evidence, that Prairie View purposely characterized her as a staff member and "administrative assistant" in order to minimize her contributions to the University.  The summary judgment record reflects, however, that Sherrod accepted this position as thus described or "characterized," and has held the position for over 25 years.  *See* Document No. 42, ex. 1 at 1 (Sherrod Aff.).  There is no evidence that Prairie View's description of her position is in any way contrived to minimize Plaintiff's contributions to the University as Director of its Black Foxes Majorettes squad.

[10] *See* Document No. 42, ex. 13 at 2 (Price's EPA Document Information listing his pay and annual term).

evidence to raise a fact issue that that portion of Price's job should be considered comparable to hers for purposes of the EPA. *See* Jones, 793 F.2d at 723 ("The [EPA] necessarily requires a plaintiff to compare her skill, effort, responsibility and salary with a person who is or was similarly situated."). But, assuming that the portion of Price's job that entails being cheerleading coach is comparable to Sherrod's job, the University's wage records made a part of the summary judgment record reveal that Price is paid less than Sherrod, even if the Court uses Sherrod's assessment that she works at 50% effort.[11] The uncontroverted evidence is that Price is paid on a *twelve month* basis for full-time work, whereas Sherrod is paid on a *nine month* basis for part-time work.[12] Taking all inferences in the light most favorable to Sherrod and evaluating her pay based on her claimed 50% effort, Sherrod makes $20,479.00 for nine months of work at 50%, which is equivalent to $40,958.00 for nine months of work at 100%, or $54,610.67 on an annualized basis if she worked full-time for twelve months.[13]

---

[11] The documentary evidence reflects that Sherrod's position requires a 35% effort, *see* Document No. 42, ex. 5, but Sherrod argues that she should be considered a 50% effort employee because she claims to work 20 hours or more per week, especially during football season. *See* Document No. 43 at 8-9.

[12] *Compare* Document No. 42, ex. 13, (Annual Term Months for Price = 12) *with* Document No. 42, ex. 5 (Annual Term Months for Sherrod = 9.0). Sherrod does not dispute that she is on a nine month contract with Prairie View.

[13] *See* Document No. 42, ex. 5.

Price, on the other hand, would by comparison make $43,760.00 for twelve months of work at 100% effort as cheerleading coach.[14] Sherrod has presented no evidence to raise a fact issue that she is paid less than Price, or that Price, with his principal responsibilities as an Instructor of Health and Human Performance, could properly be considered as holding a job that involves the same effort, skill, or responsibility as Plaintiff's.

Finally, Sherrod's contentions as to Mark Gordon are similarly infirm. Although Gordon, like Sherrod, is a staff member, not faculty, he has different duties and is paid $27,690.00 for full-time work, at 100% effort, which, as shown above, would be less than Sherrod's rate of pay for 100% effort for nine months.[15]

---

[14] *See* Document No. 42, ex. 13 at 2 (Price in fact is assigned to work as an instructor for 76.88% of the time, and to coach the cheerleaders for 23.12% of the time, totaling 100% effort).

Sherrod's argument is erroneous that she makes "$20,478 annually" for a 50% effort compared to Price making "$10,116 annually" for a 23% effort, *see* Document No. 43 at 9, n. 21, because Sherrod's $20,478 wages are paid for *nine* months' work, not twelve. If Sherrod were hired for twelve months at her rate of pay, her annual wages would be $27,305 for her claimed 50% effort compared to Plaintiff's hypothetical calculation of Price's annual wages in the amount of $21,991 for an assumed 50% effort in his cheerleading squad work. Any way it is examined, when comparing "apples to apples," Plaintiff has raised no fact issue that she is paid less than Price for comparable work within the meaning of the EPA.

[15] See Document No. 42, ex. 11 at 7. Again, even if the Court were to consider Sherrod at her claimed 50% effort, that would equate to a $40,958.00 full-time salary for the nine months, whereas Gordon only makes $27,690.00.

In sum, Sherrod fails to present summary judgment evidence that any male with a substantially similar job to hers is paid more than she is for work requiring equal skill, effort, and responsibility. Sherrod has therefore failed to establish a prima facie case under the EPA, and Prairie View is entitled to summary judgment on that claim.

B.  Title VII Discrimination

To state a prima facie case for wage discrimination based on sex, Sherrod must show that (1) she is a member of a protected group; (2) she was subject to an adverse employment decision; (3) she was qualified for the position; and (4) similarly situated non-protected employees were treated more favorably than she. Alvarado v. Tex. Rangers, 492 F.3d 605, 611 (5th Cir. 2007). Discrimination claims are actionable under Title VII only for "adverse employment actions" that involve "ultimate employment decisions such as hiring, granting leave, discharging, promoting, or compensating." McCoy v. City of Shreveport, 492 F.3d 551, 559-60 (5th Cir. 2007). To prevail on her Title VII wage discrimination claim, Sherrod must prove that she is a member of a protected class and was paid less than a non-member for work requiring substantially the same responsibility. Plemer v. Parsons-Gilbane, 713 F.2d 1127, 1137 (5th Cir. 1983); Pittman v.

10

Hattiesburg Mun. Separate Sch. Dist., 644 F.2d 1071, 1074 (5th Cir. 1981).

As discussed above, Sherrod fails to raise a fact issue that she was paid less than a male for similar work. Nonetheless, Sherrod relies on Washington County v. Gunther, 101 S. Ct. 2242 (1981), to argue that "an employee can successfully assert a claim for wage discrimination under Title VII by establishing that she is paid less because she is a woman, regardless of whether there were men performing equal work."[16] This reliance is misplaced; unlike the women guards in Gunther, Sherrod has produced no evidence whatsoever that the alleged difference in pay or treatment is in any way due to intentional sex discrimination. In Gunther, the plaintiffs produced evidence that the defendant had set the pay scale for female guards at "a level lower than its own survey of outside markets and the worth of the jobs warranted." 101 S. Ct. at 2246. Here, there is no evidence that Prairie View set Sherrod's pay at less than the market value of her job because she was a woman and, as already seen, no evidence that her pay was lower than that of any male staff member performing comparable work. In fact, as previously discussed, the male staff members to whom Sherrod compares herself (Gordon and Price) are paid less than she for comparable hours of work. In sum, Sherrod fails to raise a fact issue that she suffered any objective loss of compensation

---

[16] Document No. 43 at 14-15.

because she is a woman. "Circuit precedent establishes that in cases where the evidence produces no objective showing of loss in compensation, duties, or benefits," no adverse employment action exists. Pegram v. Honeywell, Inc., 361 F.3d 272, 283 (5th Cir. 2004). Therefore, because Sherrod has failed to make a prima facie case of pay discrimination based on her sex under Title VII, Prairie View is also entitled to summary judgment on that claim.

## IV. Order

For the foregoing reasons, it is

ORDERED that Defendant Prairie View A & M University's Motion for Partial Summary Judgment (Document No. 42) is in all things GRANTED, and the Equal Pay Act and Title VII pay discrimination claims alleged against Defendant Prairie View A & M University are DISMISSED on the merits. It is further

ORDERED that Defendant Prairie View A & M University's Motion to Dismiss (Document No. 41) is DENIED as MOOT. Remaining for trial is Plaintiff Margaret Sherrod's retaliation claim under Title VII.

The Clerk will enter this Order, providing a correct copy to all parties of record.

SIGNED at Houston, Texas, on this 9th day of January, 2012.

_____
EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE